# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 7, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MARTHA NEELY,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0838**  (BOR Appeal No. 2049218)
(Claim No. 2013022944)

**WEST VIRGINIA UNITED HEALTH SYSTEM,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Martha Neely, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated August 1, 2014, in which the Board affirmed a January 27, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's decisions dated May 17, 2013, denying requests to add thoracic disc protrusion and lumbar disc bulge as compensable components of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Neely was injured on February 25, 2013, while transporting a very large patient. On March 7, 2013, the claim was held compensable for cervical, thoracic, and lumbar sprains. On March 18, 2013, cervical, thoracic, and lumbar MRIs were performed and revealed a herniated nucleus pulposus at C5-6, herniated nucleus pulposi at T7-8 and T8-9, and minimal degenerative disc disease at L5-S1 with no evidence of a disc herniation.

On April 8, 2013, Scott Daffner, M.D., reviewed the results of the March 18, 2013, MRIs and opined that the right C5-6 herniated nucleus pulposus may correlate with Ms. Neely's

1

ongoing complaints of radiating pain, and further opined that the T7-8 and T8-9 herniated nucleus pulposi are likely an incidental finding, as the MRI revealed no signal change. On April 12, 2013, Charles Werntz III, D.O., performed an independent medical evaluation. He opined that the degenerative changes of the lumbar spine documented on the MRI are unrelated to the compensable injury, but that Ms. Neely did sustain a lumbar sprain/strain superimposed on these degenerative changes. Further, he noted that Ms. Neely's current complaints revolve around the cervical spine only. Ms. Neely's treating physician, J. David Lynch, M.D., requested that cervical disc protrusion, thoracic disc protrusion, and lumbar disc bulge be added as compensable components of the claim on April 25, 2013. On May 17, 2013, cervical disc protrusion was added as a compensable diagnosis. Also on May 17, 2013, the requests to add thoracic disc protrusion and lumbar disc bulge as compensable diagnoses were denied.

In its Order, the Office of Judges affirmed the claims administrator's May 17, 2013, decisions denying Dr. Lynch's requests to add thoracic disc protrusion and lumbar disc bulge as compensable components of the claim. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated August 1, 2014. On appeal, Ms. Neely asserts that the evidence of record demonstrates that she sustained multiple disc herniations in the cervical, thoracic, and lumbar spine in the course of her employment on February 25, 2013.

Regarding the request to add thoracic disc protrusion as a compensable condition, the Office of Judges relied on Dr. Daffner's conclusion that the disc protrusions in the thoracic spine revealed during the March 18, 2013, MRI likely represent an incidental finding, and found that Dr. Daffner's conclusions are supported by the fact that Ms. Neely has not requested any treatment in relation to the thoracic spine. Regarding the request to add lumbar disc bulge, the Office of Judges noted that the March 18, 2013, lumbar spine MRI revealed only degenerative changes of the lumbar spine, and that a lumbar disc bulge was not noted on the MRI report. Further, no evidence of the existence of a lumbar disc bulge, other than Dr. Lynch's request that the diagnosis be added as a compensable condition, is contained in the evidentiary record. We agree with the reasoning of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II